1  Christopher J. Yost, Bar No. 150785
   **FEDERAL EXPRESS CORPORATION**
2  2601 Main Street, Suite 340
   Irvine, California 92614
3  Telephone: (949) 862-4558
   Facsimile: (949) 862-4605
4  Email: cjyost@fedex.com

5  Attorneys for Defendants
   FEDERAL EXPRESS CORPORATION

6

7

8

9              **IN THE UNITED STATES DISTRICT COURT**

10  **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11  KYLE ANDERSON, an individual,      Case No.

12          Plaintiff,                  **DEFENDANTS FEDERAL EXPRESS**
13                                      **CORPORATION'S NOTICE OF**
            v.                          **REMOVAL**
14
    FEDERAL EXPRESS                     **(DIVERSITY JURISDICTION 28**
15  CORPORATION, a Corporation,         **U.S.C. §1332)**
    and Does 1-50
16
            Defendants.                 Complaint Filed: January 2, 2008
17

18

19      Defendants, Federal Express Corporation (hereinafter referred to as "FedEx"

20  or "Defendant"), by and through undersigned counsel and pursuant to 28 U.S.C. §§

21
22  1441 and 1446, files this Notice of Removal effecting removal of the case styled

23  *Kyle Anderson v. Federal Express Corporation, and Does 1 Through 50,* from San

24  Francisco County Superior Court to the United States District Court for the
25
26  Northern District of California, San Francisco Division. As grounds for removal,

27  Defendants FedEx states as follows:

28      1.    This civil action was originally filed on January 2, 2008, in San

                                    1
                                                DEF'S FEC NOTICE OF REMOVAL

Francisco County Superior Court, and is now pending in said court, bearing Case No. CGC-07-468954.

2.    Defendant Federal Express Corporation was served with the Summons and Complaint on February 13, 2008.  Said Defendants had not received a copy of the Complaint prior to that time.  The Summons and a copy of the Complaint are attached hereto as Exhibit A.

3.    Plaintiff's Complaint is silent as to the total amount of monetary relief sought. The failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. See, White v. J.C. Penny Life Ins. Co. 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining ... to place a specific dollar claim upon its claim."). Defendant need only establish by a preponderance of evidence that Plaintiff's claim exceeds the jurisdictional minimum. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

4.    In his Complaint, Plaintiff alleges that he was terminated based on his race after a November 29, 2004, argument with another employee and is seeking general and compensatory damages related thereto. See Complaint at ¶¶ 10-12, 44. In this connection, Plaintiff alleges he "suffered and continues to suffer substantial

DEF'S FEC NOTICE OF REMOVAL

losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits[.]" See Complaint at ¶ 55. Thus, Plaintiff's general and compensatory damages date back several years. See Answer at ¶ 8.

5.    Plaintiff also seeks recovery for mental distress, anguish and, indignation. See Complaint at ¶¶ 44, 51, 55, 63, 67. Emotional distress awards in excess of $500,000 have been awarded in cases claiming discrimination in violation of Government Code § 12940. See Bihun v. AT&T Information Systems, Inc. 13 Cal. App. 4th 976, 997 (1993); Watson v. Department of Rehabilitation, 212 Cal. App. 3d 1271, 1293-1294 (1989).

6.    Plaintiff's Complaint also seeks an award of attorneys' fees. It is well-settled that in determining whether a complaint meets the amount in controversy requirement, the Court should consider attorneys' fees. See Bell v. Preferred Life, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943); Goldberg v. C.P.C. Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts).

7.    For the reasons set forth in Paragraphs 3-6, defendant submits that it is facially apparent from the Complaint that the amount in controversy in this case exceeds the court's jurisdictional minimum of $75,000.

DEF'S FEC NOTICE OF REMOVAL

8.    Defendant's Notice of Removal has been filed within 30 days after the service on Defendant of Plaintiff's Complaint in accordance with 28 U.S.C. §1446(b).

9.    Venue is proper in this Court.

10.    Copies of this Notice of Removal and a Notice of Filing of Notice of Removal, attached hereto as Exhibit B, have been mailed to Plaintiff and are being filed with the Clerk of the Alameda County Superior Court.  A copy of the Notice filed with the Clerk of the Superior Court will be filed with this court within five (5) days.  Defendant filed an Answer with the State court prior to removing this case to this Court.  A copy of the Answer filed with the clerk of the San Francisco County Superior Court is attached hereto as Exhibit C.

11.    The above-styled suit is a civil action for special, compensatory, and punitive damages, and for attorney's costs and fees, in which plaintiff, Kyle Anderson, alleges race discrimination and harassment and retaliation under Cal. Gov't code 12940, as well as employment-based torts.

12.    Plaintiff is currently, and was at the commencement of this action, a citizen of the State of California.  Complaint at ¶2.  Defendant, Federal Express Corporation is not citizens of California; rather, it is incorporated in Delaware with its principle place of business Memphis, Tennessee.  Declaration of Cynthia Gonzalez, attached hereto as Exhibit D.

13.    This Court, therefore, has original jurisdiction over Plaintiff's claims

DEF'S FEC NOTICE OF REMOVAL

1  by virtue of diversity of citizenship and satisfaction of the amount in controversy

2  requirement of 28 U.S.C. § 1332.  This action is properly removable to federal

3

4  court pursuant to 28 U.S.C. § 1332 and §1441(a).

5      WHEREFORE, Defendants hereby removes this action from the San

6  Francisco County Superior Court to the United States District Court for the

7

8  Northern District of California, San Francisco.

9

10  DATED: March 12, 2008              Respectfully submitted,

11

12  By:

    Christopher J. Yost, Esq.

13      Attorney for Defendant

    **FEDERAL EXPRESS CORPORATION**

14

15

#721484

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF'S FEC NOTICE OF REMOVAL

1

## CERTIFICATE OF SERVICE

I declare that I am employed with the Legal Department of Federal Express Corporation, whose address is 2601 Main Street, Suite 340, Irvine, California 92614. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on March 13, 2008, I served a copy of:

## DEFENDANTS FEDERAL EXPRESS CORPORATION AND FEDEX CORPORATE SERVICES INC.'S NOTICE OF REMOVAL

☒ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Fed Ex, 2601 Main Street, suite 340, Irvine, California 92614 in accordance with Fed Ex's ordinary business practices.

I am readily familiar with Fed Ex's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Fed Ex's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Fed Ex with postage thereon fully prepaid for collection and mailing.

☐ **BY OVERNIGHT DELIVERY [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by Fed Ex Express, at 2601 Main Street, suite 340, Irvine, California 92614 in accordance with Fed Ex's ordinary business practices.

I am readily familiar with Fed Ex's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Fed Ex's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Fed Ex Express or delivered to an authorized courier or driver authorized by Fed Ex Express to receive documents on the same date that it (they) is are placed at Fed Ex for collection.

DEF'S FEC NOTICE OF REMOVAL

<u>Service List</u>

**Waukeen Q. McCoy, Esq.**
**LAW OFFICE OF WAUKEEN Q. McCOY**
**703 Market Street, Suite 1407**
**San Francisco, CA  94103**
**Telephone: 415-675-7705**
**Facsimile 415-675-2530**

**Plaintiff, Kyle Anderson**

I declare under penalty of perjury that the foregoing is true and correct.    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Irvine, California, this 13th day of March, 2008.

_____          _____
     Renee K. Aven                          (signature)
       (typed)

DEF'S FEC NOTICE OF REMOVAL

**EXHIBIT A**

**CT** CORPORATION
A WoltersKluwer Company

**RECEIVED**

FEB 1 4 2008

LITIGATION/
SUBPOENA GROUP

**TO:**    Tracey Ferrara
Federal Express Corporation
3620 Hacks Cross Road, Third Floor
Building B
Memphis, TN 38125-

**RE:**    **Process Served in California**

**FOR:**    Federal Express Corporation (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Kyle Anderson, etc., Pltf. vs. Federal Express, etc., et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, First Amended Complaint |
| **COURT/AGENCY:** | San Francisco County- San Francisco, Superior Court, CA<br>Case # CGC07468954 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of race - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/13/2008 at 15:05 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Waukeen McCoy<br>703 Market St.<br>Ste. 1407<br>San Francisco, CA 94103<br>415-675-7705 |
| **REMARKS:** | Even though Summons commands serve on Federal Express Corporation, Complaint named Dft. as Federal Express. Process server confirmed documents were being served on Federal Express Corporation. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 791499426891<br>Image SOP - Page(s): 23<br>Email Notification, Dwayne S Byrd dsbyrd@fedex.com<br>Email Notification, Cynthia Collins cjcollins@fedex.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*2/13/08 → 3:05P*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FEDERAL EXPRESS, a corporation, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KYLE ANDERSON; an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>CIVIC CENTER COURTHOUSE<br>400 MCALLISTER ST<br>SAN FRANCISCO, CA 94102 | **CASE NUMBER:**<br>*(Número del Caso):*  CGC-07-468954 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
WAUKEEN MCCOY    415-675-7705
703 MARKET ST., STE 1407, SAN FRANCISCO, CA 94103

ROSSALY E. DE LA VEGA NAVARRO

| DATE:<br>*(Fecha)*  FEB 1 1 2008  GORDON PARK-LI | Clerk, by _____, Deputy |
|---|---|
| | *(Secretario)*                  *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Federal Express Corporation

   under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Suite 1407
   San Francisco, California 94103
3  Telephone (415) 675-7705
   Facsimile (415) 675-2530

4  Attorney for Plaintiff
   KYLE ANDERSON
5

**FILED**

San Francisco County Superior Court

JAN 0 2 2008

GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk

6              SUPERIOR COURT OF CALIFORNIA

7            CITY AND COUNTY OF SAN FRANCISCO

8

9   KYLE ANDERSON, an individual;          ) Case No. CGC-07-168954
                                           )
10                                         ) UNLIMITED JURISDICTION
              Plaintiff,                    )
11                                         ) FIRST AMENDED COMPLAINT FOR:
       vs.                                 )
12                                         ) 1.  RACIAL DISCRIMINATION Cal.
                                           )     Gov't. Code § 12940
13  FEDERAL EXPRESS, a corporation, and    ) 2.  RETALIATION Cal. Govt. Code § 12940
    DOES 1-50                              ) 3.  WRONGFUL TERMINATION Cal.
14                                         )     Govt. Code § 12940
                                           ) 4.  FAILURE TO MAINTAIN
15                                         )     ENVIRONMENT FREE OF
              Defendants.                   )     HARASSMENT Cal. Govt. Code § 12940
16                                         ) 5.  FAILURE TO INVESTIGATE Cal. Govt.
                                           )     Code § 12940
17                                         ) 6.  INTENTIONAL INFLICTION OF
                                           )     EMOTIONAL DISTRESS
18                                         ) 7.  HOSTILE WORK ENVIRONMENT Cal.
                                           )     Govt. Code § 12940
19  _____)

20

21                       **JURY TRIAL DEMANDED**

22

23

24  Plaintiff Kyle Anderson alleges against all Defendants as follows:

25                   <u>JURISDICTION AND VENUE</u>

26     1.     This Court has jurisdiction over this action under the California Fair Employment

27  and Housing Act, Cal. Government Code § 12940, et seq.

28

Resp. To Form Interrogatories set one, 1 083M

1

2.    Venue is proper in this Court as Plaintiff is a resident of the City and County of San Francisco, the acts complained of occurred in the City and County of San Francisco, and the Defendant, FedEx does business in the City and County of San Francisco, and Plaintiff has been damaged in excess of the jurisdictional amount of this Court.

Plaintiff alleges as follows:

## INTRODUCTION

3.    This is an action for damages for Racial Discrimination, Retaliation, Wrongful Termination, Hostile Work Environment, Failure to Maintain Environment Free of Harassment, Failure to Investigate and Intentional Infliction of Emotional Distress. This action arises out of events involving Plaintiff KYLE ANDERSON, (hereafter "Plaintif

or "FEDEX").

## THE PARTIES

4.    Plaintiff KYLE ANDERSON ("Plaintiff" or "Anderson") is an African American male individual formerly employed by defendant FEDERAL EXPRESS CORP. (hereafter "Defendant" or "FEDEX") as an Operations Manager.

5.    Plaintiff is informed and believes and thereon alleges that defendant FEDEX is a Delaware corporation doing business in California as a package delivery company.

6.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-50, inclusive, and Anderson therefore sues such defendants by such fictitious names.  Anderson will amend this complaint to allege their true names and

Complaint

2

1  capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that

2  each of these fictitiously named defendants is responsible in some manner for the

3  occurrences, acts and omissions alleged herein and that Anderson' injuries as alleged

4  herein were proximately caused by such aforementioned defendants.

5

6       7.    Plaintiff is informed and believes and thereon alleges that at all times

7  mentioned herein, each of the defendants was acting as the partner, agent, servant, and

8  employees of each remaining defendants, and in doing the things alleged herein was

9  acting within the course and scope of such agency and with the knowledge of the

10  remaining defendants, and that each defendant is responsible for the occurrences, acts and

11  omissions of each other defendant complained of herein.

12

13                        **GENERAL ALLEGATIONS**

14       8.    Plaintiff incorporates by reference the factual allegations of paragraphs

15  1 through 7 above.

16       9.    Defendant FEDEX hired plaintiff Anderson in approximately December

17  1987 as a part-time courier/handler at its San Francisco Facility.

18       10.   On November 29, 2004, plaintiff Anderson was engaged in an argument

19  with another FEDEX employees, Bobby Miller.

20       11.   Both Miller, a caucasian, and Anderson, an African American, requested

21  review of the incident.

22       12.   Only Anderson was disciplined for the incident, and he received no

23  progressive discipline whatsoever, only termination.

24       13.   Similarly situated non-African Americans involved in arguments with

25  similar facts were not disciplined as severely as Anderson; specifically, Preston Schuman

26  had a physical fight on company property and was never disciplined or fired.

27

28

Complaint                              3

14.    Other non-African Americans who involved in arguments on company property were not disciplined; specifically, Drew Pearson, who assaulted another employees was not terminated by Defendant FedEx for that conduct.

15.    Other non-African Americans who were involved in arguments on company property were not disciplined; specifically, Rich Acosio, who assaulted another employees was not terminated by Defendant FedEx for that conduct.

16.    Defendant FedEx denied Plaintiff the opportunity to review his own personnel filed after Plaintiff requested review of the incident involving Bobby Miller.

17.    Defendant FedEx performed no investigation of the Complaint filed by Plaintiff against Bobby Miller.

18.    Defendant FedEx violated its own policies and procedures in handling Plaintiff's complaint.

19.    defendant FedEx are Delaware corporations operating overnight and express mail and package delivery services in the County of Santa Clara, as well as throughout the State of California, the country and the world.  The parties to this action are, or have been, employed by defendant FedEx in their Domestic Ground Operations Division for the Western Region.

20.    The Western Region is divided into several districts headed by District Managers.  The districts in California include, Bay Area Metro, Coastal (including Bakersfield), East Bay (including Oakland and Hawaii), Golden State (including Sacramento), Harbor (including Los Angeles), Palm Desert (including San Diego), and Southern California (including Orange County) Districts.

21.    The Vice President of Operations, the District Managers and the Station Managers form the senior management ranks for defendant FedEx in a region.  The various operations managers at each facility form the lower management ranks. Defendants have limited the senior management ranks in the Western Region, as well as the lower management ranks primarily to Caucasians.  Defendants have employed only a sparse number of non-Caucasians in its management ranks.  Plaintiff is informed and

Complaint

4

1 believe, and based thereon allege, that defendant FedEx have never employed a non-
2 Caucasian as a Vice President of Operations in any Region. Moreover, Caucasians hold a
3 disproportionately large percentage of senior management positions in the Western
4 Region. In the Bay Area Metro District, defendant FedEx recently employed a Caucasian
5 District Manager, nine (9) Caucasian Station Managers and a single non-Caucasian
6 Station Manager. In the Coastal District, defendant FedEx recently employed a
7 Caucasian District Manager, eleven (11) Caucasian Station Managers and two (2) non-
8 Caucasian Station Managers. In the East Bay District, defendant FedEx recently
9 employed a Caucasian District Manager, nine (9) Caucasian Station Managers and a
10 Hawaiian Station Manager. In the Golden State District, defendant FedEx currently
11 employs an African American District Manager and approximately 12 or 13 Caucasian
12 Station Managers. In the Harbor District, defendant FedEx currently employs a
13 Caucasian District Manager, six (6) Caucasian Station Managers and one (1) non-
14 Caucasian Station Manager. In the Palm Desert District, defendant FedEx currently
15 employss a Caucasian District Manager, and approximately ten (10) Caucasian Station
16 Managers. Finally, in the Southern California District, defendant FedEx currently
17 employs a Caucasian District Manager, and approximately 11 to 12 Caucasian Station
18 Managers.

19     22. Defendant FedEx operates numerous warehouse distribution centers in the
20 districts comprising the broader Bay Area; among these are the Bakersfield Facility, the
21 Milpitas Facility, the Oakland Facility, the Santa Clara Facility and the Sunnyvale
22 Facility. In general, the distribution facility is comprised of a large warehouse to which
23 packages are delivered, sorted, stored for later delivery or pick-up, and shipped. The
24 warehouse operation revolves around a large "U"-shaped, conveyor belt, generally
25 referred to as the Line. A delivery vehicle, such as the typical FedEx truck involved in
26 customer deliveries, enters the warehouse and backs up to a loading dock along either
27 side at the beginning of the Line. In the warehouse, Handlers unload (or load in the
28 converse event) the packages onto the dock and place them on the Line. Couriers

Complaint

1  typically assist in the loading and unloading of their respective trucks. As packages are
2  placed on the Line, their tracking numbers are scanned to input into the electronic
3  tracking system that the packages have been received at the distribution facility. (In cases
4  where packages are being loaded onto a truck for further shipping or delivery, the
5  tracking numbers are scanned to indicate they are leaving the warehouse.) At
6  approximately the mid-point along the length of the Line, and well inside the warehouse,
7  the Line splits in a "T." At that "T," packages may be diverted down a conveyor belt
8  forming the stem of the "T," or continue along the original line. Packages diverted down
9  the stem of the "T" are sorted into buckets, according to destination, and prepared for
10  customer delivery by the Facility's Couriers or held for customer pickup. Packages that
11  continue along the original Line are also sorted and placed in buckets in preparation for
12  arriving at an elevated shipping bay on the opposite side of the warehouse, where they are
13  stacked into enormous "cans," which are room-sized plastic or metal containers, that are
14  loaded into tractor trailer trucks for ground shipment or transport to an airport. This
15  section of the line, referred to as "Topside," is easily the most physically and mentally
16  strenuous part of the facility operation. Packages and buckets coming to the Topside area
17  are typically much heavier. Further, the Line at Topside operates faster to meet the
18  greater time constraints. Packages and buckets must be sorted, scanned and stacked in
19  the cans quickly to meet the departure deadlines of the tractor-trailer trucks, which must
20  depart promptly in order to transport freight to waiting airplanes.
21  defendant FedEx operate two shifts, an A.M. shift and a P.M. shift, during which
22  packages arrive and depart the warehouse. On average, approximately 7,000 to 13,000
23  packages may be handled and sorted on the Line per hour during a shift. And, an
24  individual package may weigh anywhere from a few ounces to 75 pounds and crates may
25  weigh up to 200 pounds.
26      23. Defendant FedEx employs numerous Handlers to lift, sort, scan and stack
27  packages in buckets, cans and delivery vehicles. In addition, several of the Handlers are
28  designated as "Lead Handler" and are responsible for the coordination and efficient

Complaint

6

1  operation of other Handlers in processing packages along a particular part of the Line.
2  The smooth efficient operation of the Line is critical to defendant FedEx's business and
3  for warranties to customers that packages will reach their destination within guaranteed
4  timeframes. Because the Line is a single conveyor belt along which all Handlers perform
5  their duties, a bottleneck along any of the various points may create hardship in other
6  parts of the facility. Consequently, the efficient operation of the Line requires that
7  sufficient numbers of Handlers be stationed at those points on the Line that are more
8  labor intensive, whether due to the size and weight of the packages, the number of the
9  packages being processed, or such additional functions that must be performed (i.e.
10 sorting, stacking in buckets or cans, etc.). In addition to Handlers, defendant FedEx
11 employs other types of job classes at their facilities. These include Couriers who operate
12 the delivery vehicles, and deliver and pickup packages from customers; Shuttle Drivers
13 who drive shuttles or large tractor trucks to pick up significant numbers of packages from
14 institutional customers and to make trips to the airport and other distribution facilities;
15 Customer Service Agents ("CSA") who interact with the public and handle customer
16 pickups and complaints; Dispatchers who communicate with Couriers; Operations
17 Managers who supervise the various workgroups or job classes in the Facility during a
18 shift; and Station Managers who are responsible for the entire operation of a Facility.
19      24. Defendant FedEx also has operations at the Oakland, San Francisco and San
20 Jose airports, respectively, at which they load and unload delivery packages for air
21 shipment throughout the country and around the world. At the airport facilities,
22 defendant FedEx employs, among other positions, Cargo Handlers and Equipment
23 Operators to load and unload packages and heavy freight, to transfer the cargo to and
24 from the cargo airplanes to the onsite facility for sorting or storage, and to transfer the
25 cargo to and from the large freight vehicles or smaller shuttles that transport the packages
26 to the various distribution facilities in the area or to their ultimate destinations. In the
27 event there are dangerous spills from packages, defendant FedEx employs Hazardous
28

Complaint                                    7

1  Materials Specialists to contain and neutralize such occurrences to assure employees
2  safety and that of the general public.

3      25.  Defendant FedEx employs a grossly disproportionate number of caucasians in
4  management positions to the racial composition of the society in the City and County of
5  San Francisco in general.  Because there are few non-Caucasians in management
6  positions in FEDEX's Western Region in general, the managerial ranks within the
7  Region is commonly known as the "Ole Boys Network" or the "Country Club."  The
8  precious few non-Caucasian employees, who are able to break into the management ranks
9  at FEDEX, are usually promoted by other non-Caucasians employees.  And even these
10  non-Caucasian managers are subject to long-standing and exclusive alienating practices
11  that affectively minimize their influence and participation in collective management
12  decisions, and limit their opportunities for further advancement at FEDEX.  Such
13  practices, for example, include exclusion of non-Caucasian managers from "informal"
14  email buddy lists that are used to communicate relevant operating procedures, discuss
15  managerial issues, and post corporate advancement opportunities.  Non-Caucasian
16  managers are also excluded from the important social activities, like retreats and ski trips
17  organized by senior managers, where important networking takes place and relationships
18  are developed.  In addition to the facts alleged below, such employment figures and
19  practices demonstrate patterns and employment practices that are racially discriminatory.

20      26.  Defendant FedEx has a long-standing, widespread and deep-rooted
21  discriminatory employment policy against hiring non-Caucasian applicants, as
22  demonstrated by the fact that defendants' workplace is grossly disproportionate to the
23  racial composition of society in general.  Consistent with defendants' long-standing and
24  deeply rooted discriminatory policy against hiring non-Caucasian applicants, defendants
25  typically hire non-Caucasians for entry-level, low-level and part-time positions, and
26  consistently fail and refuse to promote Non-Caucasian employees.  Non-Caucasian
27  employees have, from time to time, referred other non-Caucasian family members,
28  friends and/or colleagues to apply for jobs with defendant FedEx in an effort to improve

Complaint                                    8

the racial composition of defendants' workforce. However, defendant FedEx consistently fails and refuse to hire its employees' non-Caucasian family members, friends and/or colleagues, while regularly hiring Caucasians referred to defendants by Caucasian employees. In addition to the facts alleged herein, such circumstances demonstrate patterns and employment practices that are racially discriminatory.

27. Defendant FedEx has further engaged in related discriminatory practices to limit the employment opportunities of non-Caucasians workers at its facilities by means of a dual-employment track. Under this dual-track employment scheme, defendant FedEx employs individuals on both permanent full-time and part-time basis for most entry-level and non-managerial jobs. For example, both full-time and part-time employees fill Handler positions at a facility. However, the full-time positions are necessarily more lucrative and provide employees with more opportunities for advancement in the organization, job security and greater pay and benefits. By contrast, the part-time positions are generally less desirable, having lower total wages, changing and inconstant work hours, proportionately heavier responsibilities, and generally more oppressive work conditions. Further, employees holding part-time positions are typically required to seek second and third jobs in order to cover the costs of living; and the changing and inconstant work hours often make it difficult for such employees to find suitable, long-term jobs for supplemental income.

28. Defendant FedEx systematically and prejudicially divert qualified non-Caucasian job applicants into part-time jobs, with lesser job security, compensation and opportunity for advancement; whereas, defendants typically reserve the full-time, higher wage positions for Caucasian applicants. Non-Caucasian employees are grossly under-represented in the full-time jobs with greater security. In addition to the facts alleged herein, such circumstances demonstrate patterns and employment practices that are racially discriminatory.

29. Defendant FedEx further uses the dual-track system to mask other discriminatory practices, which have a disproportionate impact on non-Caucasian

Complaint

9

1  employees. Part-time employees are disproportionately impacted by adverse employment
2  actions, such as lay-offs or reduced hours; notwithstanding, that many part-time
3  employees may have more seniority over full-time employees. As previously mentioned,
4  part-time employees have lesser opportunities for advancement with defendants. By
5  tracking non-Caucasian employees into part-time positions, defendants have a convenient
6  excuse to explain discriminatory practices that result in disproportionate numbers of non-
7  Caucasians employees being laid off or having their hours reduced in economically hard
8  times, or that prevent non-Caucasian employees from receiving well-deserved
9  promotions. In addition to the facts alleged below, such circumstances demonstrate
10 patterns and employment practices that are racially discriminatory.

11      30. Defendant FedEx routinely holds non-Caucasian Leads responsible for
12 performance deficiencies in their group, even though they do not have the authority to
13 make necessary adjustments to group assignments, obtain additional resources or take
14 other measures to address deficiencies they might identify. When changes are required,
15 non-Caucasian Leads must rely on the discretion of management, who may or may not
16 support them. defendant FedEx consistently denies requests for additional support from
17 non-Caucasian Leads. By contrast, Caucasian Leads are granted broader discretion in
18 managing their work groups and enjoy management support when they request additional
19 resources. Moreover, defendant FedEx regularly reprimands and disciplines non-
20 Caucasian Leads for deficiencies even if managers have previously refused corrective
21 measures recommended by the non-Caucasian Leads to address the issue. By contrast,
22 defendant FedEx rarely reprimands or disciplines Caucasian Leads for similar
23 deficiencies in their work groups.

24      31. Despite significantly greater responsibility non-Caucasian Leads receive the
25 same compensation as others in their work groups. Furthermore, for the non-Caucasian
26 Lead, the position is not a stepping-stone to a promotion. Non-Caucasian Leads are
27 routinely passed over for promotions in favor of Caucasians, including Caucasian
28 candidates who have never held quasi-management Lead positions. By contrast,

Complaint

10

1   Caucasian Leads are routinely given preference for available promotions. In fact, if a
2   Caucasian holds the Lead position in a work group for which the operations manager
3   position is open, the Caucasian Lead is often appointed manager without having to
4   interview with other candidates.

5       32. Defendant FedEx disingenuously employs the practice of appointing non-
6   Caucasian employees to Lead positions, in order to create the perception of promoting
7   non-Caucasians. In reality, for non-Caucasian employees the Lead is without meaningful
8   benefits, but is characterized by numerous liabilities. For the Caucasian, the Lead
9   position is more an extension of management. In addition to the facts alleged below, such
10  circumstances demonstrate patterns and employment practices that are racially
11  discriminatory.

12      33. Numerous Caucasians, who have been hired subsequent to the hiring of
13  Plaintiff, have been promoted defendant FedEx to full-time, higher paying and/or
14  management positions for which Plaintiff has applied. Time and again, non-Caucasians
15  often have trained and assisted such subsequently-hired, Caucasians, only to have
16  defendant FedEx subject the non-Caucasians to the indignity of having such
17  subsequently-hired, Caucasians promoted to positions over them. In many cases, non-
18  Caucasians have had to continue their training of the promoted Caucasians in their new
19  management or leadership responsibilities. In addition to the facts alleged below, such
20  circumstances demonstrate patterns and employment practices that are racially
21  discriminatory.

22      34. As described in greater detail below, defendants have engaged in a
23  widespread, deep-rooted unfair employment practice of paying non-Caucasian employees
24  less than Caucasian employees even though non-Caucasian employees may have
25  comparable responsibilities, more seniority and/or more work experience than the
26  Caucasian employees. In addition to the facts alleged below, such circumstances
27  demonstrate patterns and employment practices that are racially discriminatory.

28

Complaint

11

35. As described in greater detail below, defendant FedEx have engaged in a long-standing, widespread and discriminatory practice of applying differential standards in determining whether to subject an employees to disciplinary action. Non-Caucasian employees are consistently reprimanded and disciplined for petty matters, and are disciplined for infractions unsupported or contradicted by credible evidence. In many cases, non-Caucasian employees are not even allowed to present their version of the facts prior to discipline; are disciplined before an investigation is complete; or are prevented from utilizing the Guaranteed Fairness Treatment Process ("GFT Process") implemented by defendant FedEx to allow employees to appeal disciplinary and/or employment actions. Not surprisingly, Caucasian employees are not reprimanded or disciplined for similar, if identical, trivial matters, or for infractions which are not supported by credible evidence. And, there are no incidents where a Caucasian employees has requested to appeal a decision through GFT Process and has been denied the opportunity. In addition to the facts alleged below, such circumstances demonstrate patterns and employment practices that are racially discriminatory.

36. Defendant FedEx has used the practice of liberally and frivolously reprimanding or disciplining Non-Caucasian employees to provide pretext for their wrongful, race-based termination of non-Caucasian employees. defendant FedEx inform employees that their employment with the Company will be terminated if an employee receives three (3) warning letters in a 12-month period. In fact, company policy allows employment to be terminated if an employees receives three of any written form of discipline in a 12-month period. Thus, in addition to a written warning letter, a documented counseling, or "OLCC," which is a verbal warning accompanied by a notation in a company database that both and employees and manager acknowledge in writing, may count towards employment termination.

37. Defendants have engaged in the fraudulent and misleading practice of informing non-Caucasian employees to disregard or forego the GFT Process for unfair OLCC's, assuring them that s GFT appeal is not worth the trouble, especially since only

Complaint

12

1  written warnings contribute to termination. Meanwhile, defendants discipline non-
2  Caucasian employees for minor matters and terminate them on that basis. Upon
3  discovering later that even the minor forms of discipline may result in termination, many
4  non-Caucasian employees are left without recourse to challenge earlier, unfair
5  disciplinary actions that contributed to the total of three, and which they might have
6  appealed to the GFT Process had they been correctly informed. Under the GFT
7  guidelines, employees have only five days to initiate an appeal. In addition to the facts
8  alleged below, such circumstances demonstrate patterns and employment practices that
9  are racially discriminatory.
10  defendant FedEx have further created a racially-hostile workplace environment designed
11  and intended to intimidate Plaintiff and other non-Caucasian employees from
12  complaining about the racially-discriminatory practices at defendant FedEx's facilities for
13  fear of losing their jobs or increasing further the oppressive and hostile work conditions.
14  On those occasions when Plaintiff and other non-Caucasian employees have complained
15  about such racially-discriminatory practices, defendant FedEx have retaliated against
16  such complaining individuals, through such acts as termination, suspension, formal
17  disciplinary actions, and more adversely affecting such complaining individual's working
18  conditions.
19      38.  Defendant FedEx further engaged in a relentless pattern and practice of
20  intentional harassment and persecution of Plaintiff and other non-Caucasian employees
21  with the intent to mentally intimidate Plaintiff and other Non-Caucasian employees; place
22  them in conditions of grave physical danger; demean them; undermine their standing and
23  authority with their colleagues; and generally force them to terminate their employments
24  with FEDEX.
25      39.  As a proximate result of the above-described long-standing, widespread and
26  deep-rooted racially-discriminatory employment practices and other wrongful acts
27  alleged herein, Plaintiff has suffered loss of income, loss of advancement and promotion,
28  loss of career opportunity, loss of intangible job benefits, all in amounts to be proven at

Complaint

13

1  trial. As further proximate result of the above-described racially discriminatory

2  employment practices and other wrongful acts alleged herein, Plaintiff has experienced

3  pain, suffering, severe emotional and mental distress, shame, humiliation, embarrassment,

4  and related physical ailments all in amounts to be proven at trial.

5      40. The long-standing, wide-spread and deep-rooted racially-discriminatory

6  employment practices and other wrongful acts alleged herein are oppressive, malicious,

7  fraudulent and in conscious disregard of Plaintiff' human and civil rights such that

8  punitive damages are warranted in order to punish and make an example of all

9  defendants.

10

11

12      **FIRST CAUSE OF ACTION: RACIAL DISCRIMINATION**

13      **Cal. Govt. Code § 12940**

14      (Against Defendant FEDEX)

15

16      41.    Plaintiff incorporates by reference the factual allegations of paragraphs 1

17  through 40 above.

18      42.    Defendants, by and through their agents and management level employees

19  engaged in a continuing pattern and practice of unlawful racial discrimination in violation

20  of California *Government Code* § 12940 *et seq.* in connection with its treatment of

21  Anderson and the terms and conditions of his employment.

22

23      43.    At all relevant times, defendants had actual and constructive knowledge of

24  the discriminatory conduct described and alleged herein, and condoned, ratified and

25  participated in the discrimination. As a result of defendant's pattern and practice of

26  unlawful discrimination, Anderson suffered severe emotional distress, humiliation,

27  indignity and loss of income in an amount provable at the time of trial.

28

Complaint

14

44.    As a direct and proximate result of the willful, knowing, and intentional discrimination against Anderson, and the failure to act by defendants in an effort to remedy said discrimination, Anderson suffered mental distress, anguish, and indignation. Anderson is thereby entitled to general and compensatory damages in an amount to be proven at trial.

45.    Defendant's acts alleged herein are malicious, oppressive, despicable and in conscious disregard of Anderson' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their action.

## SECOND CAUSE OF ACTION: RETALIATION
### Cal. Govt. Code §12940 and 42 U.S.C. § 2000 et seq.
(Against all defendants)

46.    Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 45 above.

47.    Plaintiff is informed and believes and thereon alleges that defendants engaged in retaliatory conduct in violation of public policy against Anderson for opposing unlawful practices under FEHA.

48.    Defendants retaliated against Anderson in violation of California Government Code § 12940 by maintaining an environment of hostility and abuse, failing to stop defendants from harassing Anderson and terminating him.

49.    At all relevant times, defendants had actual and constructive knowledge of the retaliatory conduct described and alleged herein, and condoned, ratified and participated in the retaliation. As a result of the retaliatory behavior perpetrated and executed by defendants, and defendants' failure to protect Anderson from retaliatory behavior, he has suffered severe emotional distress, humiliation and embarrassment. As a

Complaint

15

1  further proximate result of such conduct, plaintiff has suffered loss of income, loss of

2  advance and promotions, loss of career opportunity and loss of tangible job benefits, all in

3  amounts to be proven at trial.

4        50.    Plaintiff is informed and believes and thereon alleges that in addition to

5  the enumerated practices above, Defendants, and each of them, have engaged in other

6

7  unlawful practices against Anderson which are not yet fully known. At such time as said

8  retaliatory practices become known to Anderson, he will seek leave to amend this

9  complaint in those regards.

10        51.    As a direct and proximate result of Defendants willful, knowing, and

11  intentional acts, and Defendants' failure to act, Anderson has suffered and will continue to

12  suffer mental distress, anguish, and indignation. Anderson is thereby entitled to general

13

14  and compensatory damages in an amount to be proven at trial.

15        52.    Defendants' acts alleged herein are malicious, oppressive, despicable, and

16  in conscious disregard of Anderson' rights. As such, punitive damages are warranted

17  against defendants in order to punish and make an example of them.

18

19  **THIRD CAUSE OF ACTION: WRONGFUL TERMINATION IN VIOLATION**

                                  **OF PUBLIC POLICY**

20

21                                *Cal. Govt. Code § 12940*

22                               (Against all defendants)

23

24        53.    Plaintiff incorporates by reference the factual allegations of paragraphs 1

   through 52 above.

25        54.    Plaintiff's wrongful termination from his employment with FEDEX was

26  based upon defendant's violation of public policy, including but not limited to the

27

28

Complaint                    16

1    following: the fundamental public policies against discrimination, harassment and

2    retaliation.

3        55.    As a proximate result of Defendants' wrongful acts, Plaintiff suffered and

4    continues to suffer substantial losses incurred in seeking substitute employment and in

5    earnings, bonuses, deferred compensation, stock options, and other employment benefits;

6
     and has suffered and continues to suffer emotional distress in an amount according to
7
     proof at the time of trial.
8

9        56.    Defendants, and each of them, did the acts alleged herein maliciously,

10   fraudulently and oppressively, with the wrongful intent to injure Anderson, from an

11   improper and evil motive amounting to malice, and in conscious disregard of Anderson'

12   rights. The acts complained of were known to, authorized and ratified by Defendants.
13
     Anderson is therefore entitled to recover punitive damages from defendants, and each of
14
     them, in an amount according to proof at the time of trial.
15

16

17   FOURTH CAUSE OF ACTION:   FAILURE TO MAINTAIN AN ENVIRONMENT

18                    FREE FROM HARASSMENT

19                     Cal. Gov. Code § 12940

20                      (Against all defendants)

21       57.    Plaintiff incorporates by reference the factual allegations of paragraphs 1

22   through 56 above.

23       58.    Plaintiff is informed and believes and thereon alleges that defendants

24   failed to take all reasonable steps to prevent discrimination, retaliation and harassment

25   against Plaintiff from occurring, and to take immediate and appropriate corrective action

26   to remedy the discrimination, retaliation and harassment, in violation of Cal. Govt. Code

27   § 12940, by engaging in the course of conduct set forth above, among other things.

28

Complaint                        17

59.   Plaintiff is informed and believes and thereon alleges that specifically,
Defendants failed and have failed to the present time to take any disciplinary action
against any of the named defendants and DOES 1-50, such as issuing a formal warning,
providing counseling, or imposing probation, suspension, or termination for their
unlawful conduct towards Plaintiff.

### FIFTH CAUSE OF ACTION: FAILURE TO INVESTIGATE
#### Cal. Govt Code § 12940
(Against all defendants)

60.   Plaintiff incorporates by reference the factual allegations of paragraphs 1
through 59 above.

61.   Plaintiff is informed and believes and thereon alleges that Defendant
defendants were aware of the discrimination, harassment and retaliation experienced by
Plaintiff at its workplace.

62.   Plaintiff is informed and believes and thereon alleges that Defendants by
and
through its agents and employees completely failed to investigate the discrimination,
retaliation and harassment experienced by Plaintiff.  Instead of ensuring a safe work
environment for its employees, defendants allowed Plaintiff to continue to suffer
discrimination, retaliation and harassment until he was wrongfully terminated.

63.   Plaintiff is informed and believes and thereon alleges that as a direct and
proximate result of Defendants' willful, knowing, and intentional acts, and Defendants'
failure to investigate, Plaintiff has suffered and will continue to suffer mental distress,
anguish, indignation, a loss of earnings and other employment benefits and job

Complaint

18

1  opportunities. Plaintiff is thereby entitled to general and compensatory damages in an

2  amount to be proven at trial.

3      64.    Plaintiff is informed and believes and thereon alleges that defendants' acts

4  alleged herein are malicious, oppressive, despicable, and in conscious disregard of

5  Plaintiff rights. As such, punitive damages are warranted against defendants in order to

6

7  punish and make an example of their actions.

8  SIXTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL

9                              DISTRESS

10                        (Against all defendants)

11

12      65.    Plaintiff incorporates by reference the factual allegations of paragraphs 1

13  through 64 above.

14      66.    Plaintiff is informed and believes and thereon alleges that Defendants

15  acted without regard to the health and safety of Plaintiff, and each of them treated

16
   Plaintiff in the deplorable manner alleged herein. That treatment and its surrounding
17
18  consequences constituted extreme and outrageous conduct by defendants.

19      67.    Plaintiff is informed and believes and thereon alleges that Defendants,

20  standing in a position of authority over Plaintiff, acted with deliberation without regard to

21  the health, safety, or well-being of Plaintiff and caused him severe emotional and physical

22
   distress.
23
24      67.    Plaintiff is informed and believes and thereon alleges that as a proximate

25  result of Defendants' extreme and outrageous acts, Plaintiff suffered severe emotional

26  distress in the form of humiliation, embarrassment, mental-anguish, anxiety, stress and

27  indignation. Defendants' acts were done with the willful knowledge that Plaintiff could

28  suffer severe harm as a result.

Complaint
                              19

69.     Plaintiff is informed and believes and thereon alleges that Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff' rights.  As such, punitive damages are warranted against Defendants in order to punish them and make an example of their actions.

## SEVENTH CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT
### Cal. Gov. Code § 12940
(Against all defendants)

70.  Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 69 above.

71.     Plaintiff is informed and believes and thereon alleges that defendants failed to take all reasonable steps to prevent retaliation and harassment against Plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the retaliation and harassment, in violation of Cal. Govt. Code § 12940, by engaging in the course of conduct set forth above, among other things.

72.     Plaintiff is informed and believes and thereon alleges that specifically, Defendants failed and have failed to the present time to take any disciplinary action against Bobby Miller, such as issuing a formal warning, providing effective counseling, or imposing probation, suspension, or termination for her unlawful conduct towards Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief as follows:

1.     For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

2.     For special damages in amounts according to proof;

Complaint

20

3.    For punitive damages in amounts according to proof;

4.    For attorneys' fees as provided by law;

5.    For interest as provided by law;

6.    For costs of suit incurred herein; and

7.    For such other and further relief as the Court deems fair and just.

Dated: November 6, 2007

LAW OFFICES OF WAUKEEN Q. McCOY

Attorneys for Plaintiff,
KYLE ANDERSON

Complaint

21

**EXHIBIT B**

1   Christopher J. Yost, Bar No. 150785
    **FEDERAL EXPRESS CORPORATION**
2   2601 Main Street, Suite 340
    Irvine, California 92614
3   Telephone: (949) 862-4558
    Facsimile: (949) 862-4605
4   Email: cjyost@fedex.com

5   Attorneys for Defendant
    FEDERAL EXPRESS CORPORATION
6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11  KYLE ANDERSON, an individual,           CASE NO.: CGC-07-468954

12          Plaintiff,                       **HON. ARLENE T. BORICK**

13          v.                               **DEPARTMENT 212**

14  FEDERAL EXPRESS CORPORATION,            **DEFENDANT FEDERAL EXPRESS**
    a Corporation, and DOES 1-50:           **CORPORATION'S NOTICE OF FILING**
15                                           **NOTICE OF REMOVAL**
            Defendants.
16
                                            Complaint Filed: January 2, 2008
17
18  TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

19          PLEASE TAKE NOTICE that Federal Express Corporation has filed in the United States

20  District Court for the Northern District –San Francisco Division, the attached Notice of Removal,

21  thereby effecting the removal of this case to that Court, pursuant to Title 28 U.S.C. §1446(d).

22  DATED: March _ll_, 2008

23                                    Respectfully submitted,

24                          By: _____

25                                    Christopher J. Yost
26                                    **FEDERAL EXPRESS CORPORATION**

27  721587

28

:DERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

1

**DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF FILING NOTICE OF REMOVAL**

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On March 13, 2008, I served the within document(s):

**DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF FILING NOTICE OF REMOVAL**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by arranging with O.C. Corporate Courier Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California in accordance with Federal Express Corporation's ordinary business practices.

**Waukeen Q. McCoy, Esq.**
**LAW OFFICE OF WAUKEEN Q. McCOY**
**703 Market Street, Suite 1407**
**San Francisco, CA 94103**
**Telephone: 415-675-7705**
**Facsimile 415-675-2530**

**Plaintiff, Kyle Anderson**

☒ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on the 13th of March, 2008, at Irvine, California.

_____
Renee K. Aven

FEDERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

2

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF FILING NOTICE OF REMOVAL

**EXHIBIT C**

1    Christopher J. Yost, Bar No. 150785
     **FEDERAL EXPRESS CORPORATION**
2    2601 Main Street, Suite 340
     Irvine, California 92614
3    Telephone: (949) 862-4558
     Facsimile: (949) 862-4605
4    Email: cjyost@fedex.com

5    Attorneys for Defendant
     FEDERAL EXPRESS CORPORATION
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11   KYLE ANDERSON, an individual,          CASE NO.: CGC-07-468954

12            Plaintiff,                     **HON. ARLENE T. BORICK**
                                             **DEPARTMENT 212**
13            v.
                                             **ANSWER OF DEFENDANT FEDERAL**
14   FEDERAL EXPRESS CORPORATION,            **EXPRESS CORPORATION**
     a Delaware corporation, and DOES 1-50:
15
              Defendants.                    Complaint Filed: January 2, 2008
16

17        Defendant, FEDERAL EXPRESS CORPORATION (hereinafter referred to as "FedEx" or

18   "Defendant") hereby answers the unverified Complaint ("Complaint") of Plaintiff KYLE

19   ANDERSON ("Plaintiff") on file herein as follows:

20                                       **ANSWER**

21        Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally and

22   specifically, each and every allegation set forth in Plaintiff's Complaint and each purported cause of

23   action contained therein.  Defendant further deny, generally and specifically, that Plaintiff has been

24   damaged in the sums alleged or in any sum at all as a result of the acts, omissions or other conduct of

25   Defendant, Defendant's agents, employees or independent contractors, alleged in the Complaint and

26   deny that Plaintiff is entitled to any of the relief sought against Defendant in the Complaint.

27   Defendant further deny that they are in any way liable to Plaintiff or that they have acted or failed to

28

IDERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

1

ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION

1    act so as to be the legal cause of any damage to Plaintiff.

2                              **AFFIRMATIVE DEFENSES**

3          As separate, distinct, and affirmative defenses to Plaintiff's Complaint, and to the purported

4    causes of action therein, Defendant allege and aver the following, but do not concede that they have

5    the burden of proof with respect to any such affirmative defense:

6                              **FIRST AFFIRMATIVE DEFENSE**

7          1.    The Complaint, and each purported cause of action contained therein, fails to state

8    facts sufficient to constitute a cause of action against Defendant.

9                              **SECOND AFFIRMATIVE DEFENSE**

10         2.    The Complaint, and each purported cause of action contained therein, is barred, in

11   whole or in part, because Defendant had an honest, reasonable, good faith belief in the facts on

12   which they, or their agents and/or employees, based their acts, omissions and conduct taken with

13   respect to Plaintiff and all acts were undertaken for legitimate business reasons.

14                             **THIRD AFFIRMATIVE DEFENSE**

15         3.    The acts, omissions or other conduct alleged in the Complaint, and each purported

16   cause of action contained therein, was based on reasonable, non-discriminatory factors and was free

17   from unlawful discrimination or violation of public policy of any kind.

18                             **FOURTH AFFIRMATIVE DEFENSE**

19         4.    Defendant expressly denies that it engaged in any unlawful conduct towards Plaintiff.

20   However, if the Court or trier of fact determines that unlawful conduct by any agent or employee of

21   Defendant occurred, such conduct was neither authorized nor ratified by Defendant.

22                             **FIFTH AFFIRMATIVE DEFENSE**

23         5.    The Complaint, and each purported cause of action contained therein, is barred, in

24   whole or in part, by virtue of the doctrine of unclean hands.

25                             **SIXTH AFFIRMATIVE DEFENSE**

26         6.   The Complaint, and each purported cause of action contained therein, is barred

27   because the injuries and damages allegedly incurred by Plaintiff were not the result of any acts,

28   omissions or other conduct of Defendant.

:DERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

2

**ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION**

1

## SEVENTH AFFIRMATIVE DEFENSE

2    7.    Plaintiff was employed for no definite term, and his employment was thus terminable

3    at will.

## EIGHTH AFFIRMATIVE DEFENSE

5    8.    Any and all claims asserted by Plaintiff based in whole or in part upon alleged

6    physical, emotional, economic or other injury or distress are barred because Plaintiff's sole  and

7    exclusive remedy for such injuries, if any, is governed by the California Workers' Compensation

8    laws ("Act"), because Plaintiff's claims occurred at a time when (a) Defendant and Plaintiff were

9    subject to the compensation provisions of the Act, (b) Plaintiff was performing services growing out

10   of and incidental to  his employment, and (c) the injuries complained of by Plaintiff in his action

11   allegedly were caused by his employment. California Labor Code, § 3600, et seq.

## NINTH AFFIRMATIVE DEFENSE

13   9.    Plaintiff is estopped from recovering damages pursuant to the Complaint, and each

14   purported cause of action contained therein, by his acts, omissions or other conduct, including, but

15   not limited to, his failure to utilize and otherwise exhaust his remedies under Defendant's internal

16   complaint procedure to complain of the acts, omissions and conduct alleged in a timely fashion.

## TENTH AFFIRMATIVE DEFENSE

18   10.    Plaintiff has waived his right to recover damages or any other relief against

19   Defendant by his own acts, omissions or conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

21   11.    Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages, if any,

22   as required by law.

## TWELFTH AFFIRMATIVE DEFENSE

24   12.    To the extent that Plaintiff has suffered physical injuries and/or emotional distress,

25   Plaintiff's injuries or damages, if any, were caused by factors unrelated to the conditions of his work

26   environment, or the acts or omissions of Defendant.

27

28

FEDERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4505 (FAX)

3

ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Defendant are entitled to set off any recovery Plaintiff receives or received under the California Workers' Compensation Act and/or California's State Disability Insurance Act for injuries or damages alleged in the Complaint against any damages award to his in this action, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiff is not entitled to pre-judgment interest in this matter because his claims do not qualify for such interest. California Civil Code, §§ 3287 and 3288.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiff's claims are barred by virtue of the doctrine of after acquired evidence because of misrepresentations contained in his employment applications and/or supporting documents and/or his conduct during the course of his employment with Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff's purported causes of action are barred, in whole or in part, by the applicable statue of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff's purported causes of action are barred, in whole or in part, by the applicable contractual limitations period.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff's claims for punitive damages are barred because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because California's laws, rules and procedures regarding punitive damages deny due process, impose criminal penalties without the requisite protection, violate the Eighth and Fourteenth Amendments of the United States Constitution and place an unreasonable burden on interstate commerce.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff's claims for punitive damages against Defendant cannot be sustained because any award of exemplary or punitive damages under California law without proof of every element beyond a reasonable doubt would violate Defendant's rights under the Fourth, Fifth, Sixth,

:DERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

4

ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION

1  Eighth and Fourteenth Amendments to the United States Constitution, and Article I, § 7 of the

2  California Constitution, and would be improper under the common law and public policies of the

3  State of California.

4  ### TWENTIETH AFFIRMATIVE DEFENSE

5      20.    Plaintiff's claims for punitive damages are barred as a result of Defendant's good faith

6  efforts to comply with applicable employment discrimination laws.

7  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

8      21.    Plaintiff is not entitled to recover any punitive or exemplary damages and any

9  allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot

10  prove facts sufficient to support allegations of oppression, fraud and/or malice. California Civil

11  Code, § 3294.

12  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

13      22.    Plaintiff is not entitled to recover any punitive or exemplary damages and any

14  allegation with respect thereto should be stricken because Plaintiff has failed to plead and cannot

15  prove facts sufficient to support allegations of oppression, fraud and/or malice, nor can he show

16  advance knowledge, conscious disregard, authorization, ratification and/or an act of oppression,

17  

18  fraud or malice on the part of an officer, director or managing agent of Federal Express. California

19  Labor Code, § 3294.

20  

21  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

22      23.    The liability of Defendant for the non-economic damages claimed by Plaintiff is

23  limited by Civil Code § 1431.1 and 1431.2, et seq.

24  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25      24.    The Complaint and each of the purported causes of action are barred, in whole or in

26  part, because Plaintiff failed to fulfill the conditions and/or terms of his employment.

27  

28  

FEDERAL EXPRESS CORP.
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

5

ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    If and to the extent that Plaintiff has suffered the damages alleged in any of the causes of action asserted in his Complaint, Plaintiff's own negligence and/or willful misconduct directly and proximately caused or contributed to some or all of the damages claimed.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Plaintiff breached his duty of reasonable care, good faith and loyalty to Federal Express.  California Labor Code §§ 2954, 2856, and 2959.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    The Complaint and each of the purported causes of action cannot be maintained because Defendant acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    Because Plaintiff's Complaint is couched in broad and conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within action.  Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    Plaintiff's purported causes of action are barred, in whole or in part, by the Plaintiff's failure to exhaust his administrative remedies.

## THIRTIETH AFFIRMATIVE DEFENSE

30.    Plaintiff's purported causes of action are barred, in whole or in part, by the Plaintiff's failure to exhaust his contractual remedies.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    Plaintiff's purported caused of action are barred, in whole or impart, by the doctrine of res judicatar.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    Plaintiff's purported caused of action are barred, in whole or in part, by accord and

:DERAL EXPRESS CORF
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

6

ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION

1    satisfaction.

2                              **PRAYER FOR RELIEF**

3         WHEREFORE, Defendant prays for judgment as follows:

4         1.    That Plaintiff take nothing by virtue of his Complaint, and that the Complaint be

5    dismissed in its entirety, with prejudice;

6         2.    That judgment be entered in favor of the Defendant and against Plaintiff;

7         3.    That Defendant be awarded its attorney's fees and costs of suit herein; and

8         4.    That Defendant be awarded such other and further relief as the Court may deem just

9    and proper.

10

11   DATED:  March _l_l_, 2008

12                                        Respectfully submitted,

13                                 By:

14

15                                        Christopher J. Yost
                                          **FEDERAL EXPRESS CORPORATION**

16   720846

17

18

19

20

21

22

23

24

25

26

27

28

:DERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

**ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION**

1

## PROOF OF SERVICE

2

3    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

4

5    On March 13, 2008, I served the within document(s):

6    **ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION**

7

8    ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

9    ☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

10
11   ☐ by arranging with O.C. Corporate Courier Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

12   ☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California in accordance with Federal Express Corporation's ordinary business practices.

13

14
          **Waukeen Q. McCoy, Esq.**
15        **LAW OFFICE OF WAUKEEN Q. McCOY**
          **703 Market Street, Suite 1407**
16        **San Francisco, CA 94103**
          **Telephone: 415-675-7705**
17        **Facsimile 415-675-2530**

18        **Plaintiff, Kyle Anderson**

19
     ☒ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
20

21   ☐ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22

23   Executed on the 13th of March, 2008, at Irvine, California.

24
                                        _____
25                                      Renee K. Aven

26

27

28

FEDERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

8

ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION

**EXHIBIT D**

1   Christopher J. Yost, Bar No. 150785
**FEDERAL EXPRESS CORPORATION**
2   2601 Main Street, Suite 340
Irvine, California 92614
3   Telephone: (949) 862-4558
Facsimile: (949) 862-4605
4   Email: cjyost@fedex.com

5   Attorneys for Defendants
FEDERAL EXPRESS CORPORATION
6

7

8                   **IN THE UNITED STATES DISTRICT COURT**
9
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
10

11  KYLE ANDERSON, an individual,          Case No.
12          Plaintiff,                     **DECLARATION OF CYNTHIA D.**
13                                         **GONZALEZ IN SUPPORT OF**
             v.                            **NOTICE TO FEDERAL COURT OF**
14                                         **REMOVAL OF CIVIL ACTION**
     FEDERAL EXPRESS                       **FROM STATE COURT**
15  CORPORATION, a Delaware
     corporation:
16          Defendants.
17

18                                         Complaint Filed: January 2, 2008
19

20

21      1.    I am over the age of twenty-one and am competent to testify as to the

22  matters set forth herein. I am a Paralegal employed by Federal Express Corporation

23  in Irvine, California. Except where otherwise indicated, I have personal knowledge

24  of the facts set forth in this Declaration and if called as a witness, I could and would

25  testify competently to each fact.

26      2.    Federal Express Corporation is a publicly held company with shares

27  traded on the New York Stock Exchange. It is a Delaware Corporation with its

28  principal place of business in Tennessee.

3.    Federal Express Corporation was incorporated in the State of Delaware on June 24, 1971.  Its principal place of business located at 3620 Hacks Cross Road, Building B, Third Floor, Memphis, TN. 38125.  It is in Tennessee where Federal Express Corporation's executive and administrative functions are performed.

CYNTHIA D. GONZALEZ

#721778

2

# CERTIFICATE OF SERVICE

I declare that I am employed with the Legal Department of Federal Express Corporation, whose address is 2601 Main Street, Suite 340, Irvine, California 92614. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on March 13, 2008, I served a copy of:

**DECLARATION OF CYNTHIA D. GONZALEZ IN SUPPORT OF NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

☒   **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Fed Ex, 2601 Main Street, suite 340, Irvine, California 92614 in accordance with Fed Ex's ordinary business practices.

I am readily familiar with Fed Ex's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Fed Ex's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Fed Ex with postage thereon fully prepaid for collection and mailing.

☐   **BY OVERNIGHT DELIVERY [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by Fed Ex Express, at 2601 Main Street, suite 340, Irvine, California 92614 in accordance with Fed Ex's ordinary business practices.

I am readily familiar with Fed Ex's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Fed Ex's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Fed Ex Express or delivered to an authorized courier or driver authorized by Fed Ex Express to receive documents on the same date that it (they) is are placed at Fed Ex for collection.

<u>Service List</u>

**Waukeen Q. McCoy, Esq.**
**LAW OFFICE OF WAUKEEN Q. McCOY**
**703 Market Street, Suite 1407**
**San Francisco, CA 94103**
**Telephone: 415-675-7705**
**Facsimile 415-675-2530**

**Plaintiff, Kyle Anderson**

    I declare under penalty of perjury that the foregoing is true and correct.    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed at Irvine, California, this 13th day of March, 2008.


| Renee K. Aven | _Sy K. Ch_ |
|---|---|
| (typed) | (signature) |

DECL OF C. GONZALEZ TO FEDERAL
COURT OF REMOVEL FROM STATE COURT

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kyle Anderson | Federal Express Corporation |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES)  San Francisco County | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.  Shelby County, Tennessee |

| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  Waukeen Q. McCoy, Law Office of Waukeen Q. McCoy 703 Market Street, # 1407, San Francisco, CA 94103 (415) 675-7705 | ATTORNEYS (IF KNOWN)  Christopher J. Yost, Federal Express Corporation 2601 Main Street, Suite 340, Irvine, California 92614 (949) 862-4558 |

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)
AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ Original Proceeding
☒ Removed from State Court
☐ Remanded from Appellate Court
☐ Reinstated or Reopened
☐ Transfered from Another district (specify)
☐ Multidistrict Litigation
☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance ☐120 Marine ☐130 Miller Act ☐140 Negotiable Instrument ☐150 Recovery of Overpayment & Enforcement of Judgment ☐151 Medicare Act ☐152 Recovery of Defaulted Student Loans (Excl Veterans) ☐153 Recovery of Overpayment of Veteran's Benefits ☐160 Stockholders Suits ☐190 Other Contract ☐195 Contract Product Liability ☐196 Franchise | **PERSONAL INJURY** ☐310 Airplane ☐315 Airplane Product Liability ☐320 Assault Libel & Slander ☐330 Federal Employers Liability ☐340 Marine ☐345 Marine Product Liability ☐350 Motor Vehicle ☐355 Motor Vehicle Product Liability ☐360 Other Personal Injury | **PERSONAL INJURY** ☐362 Personal Injury Med Malpractice ☐365 Personal Injury Product Liability ☐368 Asbestos Personal Injury Product Liability  **PERSONAL PROPERTY** ☐370 Other Fraud ☐371 Truth in Lending ☐380 Other Personal Property Damage ☐385 Property Damage Product Liability | ☐610 Agriculture ☐620 Other Food & Drug ☐625 Drug Related Seizure of Property 21 USC 881 ☐630 Liquor Laws ☐640 RR & Truck ☐650 Airline Regs ☐660 Occupational Safety/Health ☐690 Other  **LABOR** ☐710 Fair Labor Standards Act ☐720 Labor/Mgmt Relations ☐730 Labor/Mgmt Reporting & Disclosure Act ☐740 Railway Labor Act ☐790 Other Labor Litigation ☐791 Empl.Ret. Inc. Security Act | ☐422 Appeal 28 USC 158 ☐423 Withdrawal 28 USC 157  **PROPERTY RIGHTS** ☐820 Copyrights ☐830 Patent ☐840 Trademark  **SOCIAL SECURITY** ☐861 HIA (1395ff) ☐862 Black Lung (923) ☐863 DIWC/DIWW (405(g)) ☐864 SSID Title XVI ☐865 RSI (405(g))  **FEDERAL TAX SUITS** ☐870 Taxes (US Plaintiff or Defendant ☐871 IRS - Third Party 26 USC 7609 | ☐400 State Reapportionment ☐410 Antitrust ☐430 Banks and Banking ☐450 Commerce/ICC Rates/etc. ☐460 Deportation ☐470 Racketeer Influenced and Corrupt Organizations ☐480 Consumer Credit ☐490 Cable/Satellite TV ☐810 Selective Service ☐850 Securities/Commodities/ Exchange ☐875 Customer Challenge 12 USC 3410 ☐891 Agricultural Acts ☐892 Economic Stabilization Act ☐893 Environmental Matters ☐894 Energy Allocation Act ☐895 Freedom of Information Act ☐900 Appeal of Fee Determination Under Equal Access to Justice ☐950 Constitutionality of State Statutes ☐890 Other Statutory Actions |
| **REAL PROPERTY** ☐210 Land Condemnation ☐220 Foreclosure ☐230 Rent Lease & Ejectment ☐240 Torts to Land ☐245 Tort Product Liability ☐290 All Other Real Property | **CIVIL RIGHTS** ☐441 Voting ☒442 Employment ☐443 Housing ☐444 Welfare ☐440 Other Civil Rights ☐445 Amer w/ disab - Empl ☐446 Amer w/ disab - Other | **PRISONER PETITIONS** ☐510 Motion to Vacate Sentence Habeas Corpus: ☐530 General ☐535 Death Penalty ☐540 Mandamus & Other ☐550 Civil Rights ☐555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Title 28 USC Section 1332. Plaintiff is a citizen of the state of California. Defendant is not a citizen of California.

## VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $75,000. CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND          ☐ SAN JOSE

DATE  3/11/08          SIGNATURE OF ATTORNEY OF RECORD