1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Suite 1407
   San Francisco, California 94103
3  Telephone (415) 675-7705
   Facsimile (415) 675-2530
4
   Attorney for Plaintiff
5  KYLE ANDERSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ANDERSON, an individual; | Case No. 3:08-cv-1441, SI |
| Plaintiff, | **PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| FEDERAL EXPRESS, a corporation, and DOES 1-50 | Date:    June 13, 2008<br>Time:    9:00am<br>Courtroom:    Courtroom 10, 19th Fl. |
| Defendants. | Date Action Filed:    March 13, 2008<br>Trial Date:    None Assigned |

Plaintiff, through his counsel of record herein, hereby moves the Court for an Order granting Plaintiff leave to file a second amended complaint in this matter. This motion is based on this motion, the Memorandum of Points and Authorities set forth below, and the papers on file in this matter. The grounds for this motion are that Plaintiff does not seek to pursue his

1

claims under Title VII of the Civil Rights Act of 1964, and defendant Fedex will not be prejudiced by the amendment, as no discovery has been propounded in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Introduction

This matter is an employment discrimination case. Plaintiff Kyle Anderson ("Anderson") seeks leave of Court to file a second amended complaint. Plaintiff requests leave to file second amended complaint to remove causes of action against Defendant Federal Express ("FedEx") for violation of 42 U.S.C. § 1981, and 42 U.S.C § 2000(e) et seq. of Title VII of the Civil Rights Act of 1964.

### II.  Law and Argument

#### A.  Standard for Leave to Amend

The *Federal Rule of Civil Procedure* ("FRCP"), Rule 15 sets forth the procedure for amending pleadings. The rule is that once a responsive pleading had been filed, the plaintiff "[M]ay amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *FRCP* Rule 15(a). To that end, the Ninth Circuit has held that the policy favoring amendments "is to be applied with extreme liberality," Morongo Band of Mission Indians v. Rose, (9th Cir. 1990) 893 F.2d 1074, 1079; DCD Programs, Ltd. v. Leighton, (9th Cir. 1987) 833 F2d 183, 186.

Moreover, when deciding whether to grant leave to amend, the court may consider "bad faith, undue delay, prejudice to opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, (9th Cir. 1995) 59 F.2d 815, 844-845. Here, there is no bad faith in amending because any previous reference to a Federal claim was inadvertent.

### B. Facts Supporting Amendment

Plaintiff Anderson does not wish to pursue Federal claims under Title VII of the Civil Rights Act of 1964 nor a claim for disparate impact discrimination (Declaration of Waukeen McCoy, ¶ 2). No discovery has been performed in this matter to date (Declaration of Waukeen McCoy, ¶ 3); therefore, there is no prejudice to Fedex in granting leave to amend the complaint. Furthermore, Plaintiff seeks to drop causes of action against Fedex rather than add causes of action; therefore, no conceivable prejudice to Fedex could result.

### III. Conclusion

Based on the foregoing, Plaintiff Anderson respectfully requests that he be granted leave to amend his complaint to remove 42 U.S.C. § 1981, and 42 U.S.C § 2000(e) et seq. of Title VII of the Civil Rights Act of 1964 claims against Defendant FedEx.

Dated: May 7, 2008                    LAW OFFICES OF WAUKEEN Q. McCOY

/s/ Waukeen Q. McCoy
Attorneys for Plaintiff
KYLE ANDERSON