WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiff
KYLE ANDERSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ANDERSON, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS, a corporation, and DOES 1-50<br><br>Defendants. | Case No. 3:08-cv-1441, SI<br><br>**DECLARATION OF WAUKEEN McCOY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:      June 13, 2008<br>Time:      9:00am<br>Courtroom: Courtroom 10, 19th Fl.<br><br>Date Action Filed: March 13, 2008<br>Trial Date:        None Assigned |

I, Waukeen McCoy, declare and certify as follows:

1. I am attorney of record for Plaintiff herein, and have personal knowledge of the facts set forth herein; if called as a witness I would testify competently thereto.

2. Plaintiff does not wish to pursue claims under Title VII of the Civil Rights Act of 1964 in his case against Fedex.

1

3. My office has not propounded any discovery to date in this matter, and has received none from Fedex.

4. Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's Second Amended Complaint in this matter, for which leave is sought by the present motion.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: May 7, 2008

/s/ Waukeen Q. McCoy

# EXHIBIT "A"

```
WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiff
KYLE ANDERSON
```

SUPERIOR COURT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| KYLE ANDERSON, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS, a corporation, and DOES 1-50<br><br>Defendants. | Case No. CGC-07-468954<br><br>UNLIMITED JURISDICTION<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. RACIAL DISCRIMINATION Cal. *Gov't. Code* § 12940<br>2. RETALIATION Cal. *Govt. Code* § 12940<br>3. WRONGFUL TERMINATION Cal. *Govt. Code* § 12940<br>4. FAILURE TO MAINTAIN ENVIRONMENT FREE OF HARASSMENT Cal. *Govt. Code* § 12940<br>5. FAILURE TO INVESTIGATE Cal. *Govt. Code* § 12940<br>6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>7. HOSTILE WORK ENVIRONMENT Cal. *Govt. Code* § 12940<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kyle Anderson alleges against all Defendants as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this action under the California Fair Employment and Housing Act, Cal. Government Code § 12940, *et seq.*

Second Amended Complaint                1

2. Venue is proper in this Court as Plaintiff is a resident of the City and County of San Francisco, the acts complained of occurred in the City and County of San Francisco, and the Defendant, FedEx does business in the City and County of San Francisco, and Plaintiff has been damaged in excess of the jurisdictional amount of this Court.

Plaintiff alleges as follows:

## INTRODUCTION

3. This is an action for damages for Racial Discrimination, Harassment, Retaliation, Wrongful Termination, Hostile Work Environment, Failure to Maintain Environment Free of Harassment, Failure to Investigate and Intentional Infliction of Emotional Distress. This action arises out of events involving Plaintiff KYLE ANDERSON (hereafter "Plaintiff" or "Anderson"), and Defendants FEDERAL EXPRESS (hereafter "Defendant" or "FEDEX").

## THE PARTIES

4. Plaintiff KYLE ANDERSON ("Plaintiff" or "Anderson") is an African American male individual formerly employed by defendant FEDERAL EXPRESS CORP. (hereafter "Defendant" or "FEDEX") as a Courier/Handler.

5. Plaintiff is informed and believes and thereon alleges that defendant FEDEX is a Delaware corporation doing business in California as a package delivery company.

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-50, inclusive, and Anderson therefore sues such defendants by such fictitious names. Anderson will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein

Second Amended Complaint                    2

and that Anderson' injuries as alleged herein were proximately caused by such aforementioned defendants.

7.   Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants was acting as the partner, agent, servant, and employee of each remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining defendants, and that each defendant is responsible for the occurrences, acts and omissions of each other defendant complained of herein.

## STATEMENT OF FACTS

8.   Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 7 above.

9.   Defendant FEDEX hired plaintiff Anderson on approximately December 1987 as a part-time Courier/Handler at the San Francisco Facility.

10.  On November 29, 2004, plaintiff Anderson was engaged in an argument with another FEDEX employee, Bobby Miller.

11.  Both Miller, a Caucasian, and Anderson, an African American, requested review of the incident.

12.  Only Anderson was disciplined for the incident without prior progressive discipline.

13.  Similarly situated non-African Americans who were involved in arguments with similar facts were not disciplined as severely as Anderson; Specifically, Preston Schuman had a physical fight on company property and was never disciplined or fired.

14.  Other non-African Americans who were involved in arguments on company property were not disciplined. Specifically, Drew Pearson, who assaulted another employee, was not terminated by Defendant FedEx for that conduct.

15. Other non-African Americans who were involved in arguments on company property were not disciplined; specifically, Rich Acosio, who assaulted another employee, was not terminated by Defendant FedEx.

16. Defendant FedEx denied Plaintiff the opportunity to review his own personnel file after Plaintiff requested review of the incident involving Bob Miller.

17. Defendant FedEx performed no investigation of the Complaint filed by Plaintiff against Bobby Miller.

18. Defendant FedEx violated its own policies and procedures in handling Plaintiff's Complaint.

## FIRST CAUSE OF ACTION: RACIAL DISCRIMINATION
### Cal. Gov't. Code § 12940

19. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 18 above.

20. Defendant, by and through its agents and management level employees engaged in a continuing pattern and practice of unlawful racial discrimination in violation of California *Government Code* § 12940 *et seq.* in connection with its treatment of Plaintiff and the terms and conditions of his employment.

21. At all relevant times, Defendant had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of Defendant's pattern and practice of unlawful discrimination, Plaintiff suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

22. As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiff, and the failure to act by Defendant in an effort to remedy said discrimination, Plaintiff suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

Second Amended Complaint                4

23. Defendant's acts alleged herein are malicious, oppressive, despicable and in conscious disregard of Plaintiff's rights. As such, punitive damages are warranted against Defendants in order to punish and make an example of their action.

## SECOND CAUSE OF ACTION: RETALIATION
### *Cal. Govt. Code §12940 and 42 U.S.C. § 2000 et seq.*

24. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 23 above.

25. Plaintiff is informed and believes and thereon alleges that Defendant engaged in retaliatory conduct in violation of public policy against Plaintiff for opposing unlawful practices under FEHA.

26. Defendant retaliated against Plaintiff in violation of California Government Code § 12940 by maintaining an environment of hostility and abuse, failing to stop other employees from harassing Plaintiff and terminating him.

27. At all relevant times, Defendant had actual and constructive knowledge of the retaliatory conduct described and alleged herein, and condoned, ratified and participated in the retaliation. As a result of the retaliatory behavior perpetrated and executed by Defendants, and Defendant's failure to protect Plaintiff from retaliatory behavior, Plaintiff has suffered severe emotional distress, humiliation and embarrassment. As a further proximate result of such conduct, Plaintiff has suffered loss of income, loss of advance and promotions, loss of career opportunity and loss of tangible job benefits, all in amounts to be proven at trial.

28. Plaintiff is informed and believes and thereon alleges that in addition to the enumerated practices above, Defendant has engaged in other unlawful practices against Plaintiff which are not yet fully known. At such time as said retaliatory practices become known to Plaintiff, he will seek leave to amend this complaint in those regards.

29. As a direct and proximate result of Defendant willful, knowing, and intentional acts, and Defendant's failure to act, Plaintiff has suffered and will continue to suffer mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

30. Defendant's acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. As such, punitive damages are warranted against Defendant in order to punish and make an example of Defendant.

## THIRD CAUSE OF ACTION: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### Cal. *Govt. Code* § 12940

31. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 30 above.

32. Plaintiff's wrongful termination from his employment with FEDEX was based upon defendant's violation of public policy, including but not limited to the following: the fundamental public policies against discrimination, harassment and retaliation.

33. As a proximate result of Defendant's wrongful acts, Plaintiff suffered and continues to suffer substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered and continues to suffer emotional distress in an amount according to proof at the time of trial.

34. Defendants did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff' rights. The acts complained of were known to,

Second Amended Complaint                 6

authorized and ratified by Defendant. Anderson is therefore entitled to recover punitive damages from defendants, and each of them, in an amount according to proof at the time of trial.

## FOURTH CAUSE OF ACTION:   FAILURE TO MAINTAIN AN ENVIRONMENT FREE FROM HARASSMENT
### Cal. Govt. Code § 12940

35. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 34 above.

36. Plaintiff is informed and believes and thereon alleges that Defendant failed to take all reasonable steps to prevent discrimination, retaliation and harassment against Plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the discrimination, retaliation and harassment, in violation of Cal. Govt. Code § 12940, by engaging in the course of conduct set forth above, among other things.

37. Plaintiff is informed and believes and thereon alleges that specifically, Defendants failed and have failed to the present time to take any disciplinary action against any of the named defendants and DOES 1-50, such as issuing a formal warning, providing counseling, or imposing probation, suspension, or termination for their unlawful conduct towards Plaintiff.

## FIFTH CAUSE OF ACTION:  FAILURE TO INVESTIGATE
### Cal. Govt. Code § 12940

38. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 37 above.

39. Plaintiff is informed and believes and thereon alleges that Defendant was aware of the discrimination, harassment and retaliation experienced by Plaintiff at its workplace.

Second Amended Complaint                    7

40. Plaintiff is informed and believes and thereon alleges that Defendant by and through its agents and employees completely failed to investigate the discrimination, retaliation and harassment experienced by Plaintiff. Instead of ensuring a safe work environment for its employee, Defendant allowed Plaintiff to continue to suffer discrimination, retaliation and harassment until he was wrongfully terminated.

41. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Defendant's willful, knowing, and intentional acts, and Defendant's failure to investigate, Plaintiff has suffered and will continue to suffer mental distress, anguish, and indignation, a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

42. Plaintiff is informed and believes and thereon alleges that Defendant's acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

### SIXTH CAUSE OF ACTION:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 42 above.

44. Plaintiff is informed and believes and thereon alleges that Defendant acted without regard to the health and safety of Plaintiff, and each of them treated Plaintiff in the deplorable manner alleged herein. That treatment and its surrounding consequences constituted extreme and outrageous conduct by defendants.

45. Plaintiff is informed and believes and thereon alleges that Defendant, standing in a position of authority over Plaintiff, acted with deliberation without regard to the health, safety, or well-being of Plaintiff and caused him severe emotional and physical distress.

46. Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendant's extreme and outrageous acts, Plaintiff suffered severe emotional distress in the form of humiliation, embarrassment, mental-anguish, anxiety, stress and indignation. Defendant's acts were done with the willful knowledge that Plaintiff could suffer severe harm as a result.

47. Plaintiff is informed and believes and thereon alleges that Defendant's acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against Defendants in order to punish them and make an example of their actions.

## SEVENTH CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT
### Cal. Govt. Code § 12940

48. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 47 above.

49. Plaintiff is informed and believes and thereon alleges that Defendant failed to take all reasonable steps to prevent retaliation and harassment against Plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the retaliation and harassment, in violation of Cal. Govt. Code § 12940, by engaging in the course of conduct set forth above, among other things.

50. Plaintiff is informed and believes and thereon alleges that specifically, Defendant failed and has failed to the present time to take any disciplinary action against individually

Second Amended Complaint                9

named employees, such as issuing a formal warning, providing effective counseling, or imposing probation, suspension, or termination for her unlawful conduct towards Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief as follows:

1. For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

2. For special damages in amounts according to proof;

3. For punitive damages in amounts according to proof;

4. For attorneys' fees as provided by law;

5. For interest as provided by law;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court deems fair and just.

Dated: MAY 6, 2008                LAW OFFICES OF WAUKEEN Q. McCOY

/s/ Waukeen Q. McCoy
Attorneys for Plaintiff
KYLE ANDERSON

Second Amended Complaint                    10