<tr><td><tr></tr></td></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

<tr></tr>

WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiff
KYLE ANDERSON

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KYLE ANDERSON, an individual, | Case No. 08-01441 SI |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT PURSUANT TO LOCAL RULE 16-9 |
| v. | |
| FEDERAL EXPRESS CORPORATION, a Corporation, and Does 1-50 | Initial Status Conference: June 20, 2008<br>Time: 9:30 a.m.<br>Dept: Courtroom A, 15th floor |
| Defendants. | Complaint Filed: January 2, 2008 |

Defendant FEDERAL EXPRESS CORPORATION (FedEx) and Plaintiff KYLE ANDERSON (Plaintiff) hereby submit the following Joint Case Management Statement, pursuant to Local Rule 16-9:

1. <u>Jurisdiction and Service</u>:

FedEx removed the instant action to this court based on diversity of citizenship. FedEx is a citizen of both Delaware (where it is incorporated) and Tennessee (where it has its principle place of business); Plaintiff is a citizen of California. The amount in controversy is more than $75,000. The federal court has subject matter jurisdiction (in addition to personal jurisdiction) over this lawsuit.

The time for Plaintiff to file a motion for remand has passed. See 28 U.S.C. § 1447(c).

Plaintiff has amended his complaint and has dropped the federal causes of action against Defendant. Plaintiff wishes to remand back to state court based on FedEx's sufficient minimum contacts with the State of California.

2.  Facts:

This is an employment law case brought by Plaintiff, who FedEx asserts was an at-will employee. It is undisputed that Plaintiff was involved in a physical altercation with another FedEx employee on the morning of November 29, 2004. After investigating the incident, FedEx terminated Plaintiff's employment on December 7, 2004, citing violation of Acceptable Conduct Policy (P2-5) and Security Policy (P8-80).

In the operative pleading (the First Amended Complaint), Plaintiff – an African-American – alleges that FedEx discriminated against him on the basis of race and that the termination of his employment was wrongful. Plaintiff also makes other allegations, including harassment and retaliation.

3.  Legal Issues:

In the operative complaint, Plaintiff asserts claims under state and federal law, specifically: (1) Race discrimination; (2) Retaliation: (3) Wrongful Termination; (4) Failure to Maintain an Environment Free of Harassment; (5) Failure to Investigate: (6) Intentional Infliction of Emotional Distress; and (7) Hostile Work Environment.

4.  Motions:

Plaintiff has filed a Motion for Leave to File Second Amended Complaint, The motion was set for hearing on June 13, 2008, and the Federal Court continued the hearing to August 1, 2008. FedEx intends to file a limited opposition brief, arguing that the court should dismiss the claims with prejudice and noting that, the

1  federal court retains subject matter jurisdiction over the case due to diversity of
2  citizenship.
3       During the litigation, FedEx intends to file a motion for summary judgment,
4  as well as pre-trial motions.
5  5.    Amendment of Pleadings:
6       Plaintiff seeks to amend his pleading, as set forth in Section 4, Motions,
7  *supra.*
8  6.    Evidence Preservation:
9       On February 15, 2008, FedEx implemented an internal litigation hold to avoid
10 any potential document destruction, as well as any erasure of emails, voicemail or
11 other electronically-recorded material. FedEx will disclose discoverable
12 documents, which are not subject to the attorney-client privilege or attorney work-
13 product protections, in printed format.
14 7.    Disclosures:
15      FedEx intends to serve its Initial Disclosures on Plaintiff on or before the
16 deadline of June 13, 2008.
17 8.    Discovery:
18      FedEx has intends to serve Plaintiff with written discovery (special
19 interrogatories and request for production of documents and things). FedEx intends
20 to depose Plaintiff by August 2008 and will depose any third party witnesses by
21 October 2008.
22 9.    Class Actions:
23      There are no class action allegations.
24 10.    Related Cases:
25      The parties are unaware of any related cases or proceedings pending before
26 another judge of this court, or before another court or administrative body.
27 11.    Relief:
28      FedEx is not seeking damages but is seeking its costs and attorneys' fees.

12. <u>Settlement and ADR</u>:

The parties have not engaged in settlement discussions. FedEx is willing to submit this case to mediation before a member of the Court's ADR panel.

13. <u>Consent to Magistrate Judge for All Purposes</u>:

FedEx is willing to submit this case to a Magistrate Judge for discovery disputes only.

14. <u>Other References</u>:

This case is not suitable for arbitration, a special master or the Judicial Panel.

15. <u>Narrowing of Issues</u>:

FedEx believes that, at trial, the parties may be able to stipulate to some of the facts. Further FedEx will seek bifurcation of punitive damages issues at trial.

16. <u>Expedited Schedule</u>:

FedEx does not believe this case is amenable to streamlined procedures.

17. <u>Scheduling</u>:

FedEx proposes a trial date of February 23, 2009. Discovery will be concluded in mid-December, with expert discovery to occur in January and February.

18. <u>Trial</u>:

FedEx proposes a trial date of February 23, 2009, and it anticipates a 10-day trial. FedEx has not requested a jury trial. Plaintiff has requested a Jury Trial.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

FedEx filed its Certificate of Interested Parties on March 13, 2008.

1  20. <u>Other Matters as may facilitate the just, speedy and inexpensive disposition of this matter:</u>

None at this time.

Respectfully submitted,

DATED: June __, 2008            FEDERAL EXPRESS CORPORATION

By: _____
Mireya A.R. Llaurado
Attorney for Defendant
Federal Express Corporation


DATED: June __, 2008            LAW OFFICE OF WAUKEEN Q. MCCOY

By: _____
Waukeen McCoy
Spencer F. Smith
Attorneys for Plaintiff