IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ANDERSON, | No. C 08-01441 SI |
| Plaintiff, | **PRETRIAL PREPARATION ORDER** |
| v. | |
| FEDERAL EXPRESS, | |
| Defendant.                              / | |

It is hereby **ORDERED** pursuant to F.R.C.P. and the Local Rules of this Court:

FURTHER CASE MANAGEMENT: <u>October 3, 2008</u> at <u>2:30 p.m.</u>
Counsel *must* file a joint case management statement seven days in advance of the conference.

DISCOVERY PLAN:  Per F.R.Civ.P and Local Rules, subject to any provisions below.

NON-EXPERT DISCOVERY CUTOFF is <u>November 7, 2008</u>.

DESIGNATION OF EXPERTS: <u>10/3/08</u>; REBUTTAL: <u>10/17/08</u>.
    Parties **SHALL** conform to Rule 26(a)(2).

EXPERT DISCOVERY CUTOFF is <u>November 7, 2008</u>.

DISPOSITIVE MOTIONS **SHALL** be filed by <u>November 28, 2008</u>;

   Opp. Due <u>December 12, 2008</u>;  Reply Due <u>December 19, 2008</u>;

   and set for hearing no later than <u>January 9, 2009</u> at <u>9:00 AM</u>.

PRETRIAL CONFERENCE DATE: <u>February 10, 2009</u> at <u>3:30 PM</u>.

JURY TRIAL DATE: <u>February 23, 2009</u> at <u>8:30 AM.</u>,
    Courtroom 10, 19th floor.

TRIAL LENGTH is estimated to be <u>eight</u> days.

SPECIAL DISCOVERY AND PRETRIAL PROVISIONS:
This case shall be referred to the Court's Mediation Program.  The mediation session shall occur in September 2008.

Counsel shall take two depositions prior to the mediation session.

The pretrial conference **SHALL** be attended by trial counsel prepared to discuss all aspects of the case, including settlement.  Parties **SHALL** conform to the attached instructions.  Plaintiff is ORDERED to serve a copy of this order on any party subsequently joined in this action.

Dated:                                                                         _____
                                                                                       SUSAN ILLSTON
                                                                                       United States District Judge

(5/06)                        **PRETRIAL INSTRUCTIONS**
**Honorable Susan Illston**

**COUNSEL SHALL MEET AND CONFER IN GOOD FAITH IN ADVANCE OF COMPLYING WITH THE FOLLOWING PRETRIAL REQUIREMENTS.**

    1.     **PRETRIAL CONFERENCE and STATEMENT** - The parties shall comply in all respects with F.R.Civ.P 16. The statement is due **ten court days** prior to the Pretrial Conference. The Pretrial Statement must contain the following:

    **(a) Pretrial Conference Statement:** The parties shall file a joint pretrial conference statement containing the following information:

        **(1) The Action**

            (A) **Substance of the Action**. A brief description of the substance of claims and defenses which remain to be decided.

            (B) **Relief Prayed**. A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

        **(2) The Factual Basis of the Action**

            (A) **Undisputed Facts**. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

            (B) **Disputed Factual Issues**. A plain and concise statement of all disputed factual issues which remain to be decided.

            (C) **Agreed Statement**. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

            (D) **Stipulations**. A statement of stipulations requested or proposed for pretrial or trial purposes.

        **(3) Disputed Legal Issues**

            (A) **Points of Law**. Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions setting forth briefly the nature of each party's contentions concerning each disputed point of law, including procedural and evidentiary issues.

            (B) **Proposed Conclusions of Law**. If the case is to be tried without a jury, unless otherwise ordered, parties should briefly indicate objections to proposed conclusions of law.

        **(4) Trial Preparation**

            (A) **Witnesses to be Called**. A list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

**Trial Preparation-continuation**

(B) **Exhibits, Schedules and Summaries**. A list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal, with a brief statement following each, describing its substance or purpose and the identity of the sponsoring witness. Unless otherwise ordered, parties will indicate their objections to the receipt in evidence of exhibits and materials lodged and that counsel have conferred respecting such objections.

(C) **Trial**. If the trial is to be to a jury, parties will indicate objections to use of materials served and filed (proposed voir dire questions, jury instructions and verdict forms) and that counsel have conferred respecting such objections.

(D) **Estimate of Trial Time**. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

(E) **Use of Discovery Responses**. Counsel shall cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission. Counsel shall indicate any objections to use of these materials and that counsel has conferred respecting such objections.

(F) **Further Discovery or Motions**. A statement of all remaining discovery or motions, including motions in limine.

**(5) Trial Alternatives and Options**

(A) **Settlement Discussion**. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(B) **Consent to Trial Before a Magistrate Judge**. A statement whether reference of all or part of the action to a master or magistrate judge is feasible, including whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(C) **Amendments, Dismissals**. A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

(D) **Bifurcation, Separate Trial of Issues**. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

2. **WITNESSES**

a. **Jury Trials**. The Pretrial Conference Statement shall include the witness list required in part by 1(a)(4)(A) above. In addition, in the case of expert witnesses, the summary shall clearly state the expert's theories and conclusions and the basis therefore and shall be accompanied by a curriculum vitae; if the expert has prepared a report in preparation for the testimony, a copy thereof shall be furnished to opposing counsel. Witnesses not included on the list may be excluded from testifying.

b. **Non-Jury Trials**. In non-jury cases, each party shall serve and lodge with the Court a written narrative statement of the proposed direct testimony of each witness under that party's control in lieu of a summary. Each statement shall be marked as an exhibit and shall be in a form suitable to be received into evidence.

3. **JURY INSTRUCTIONS**

a. **Joint Set of Agreed Upon Instructions**. The parties shall jointly prepare a set of <u>agreed upon</u> jury instructions, and shall file an <u>original and two copies</u> of same **ten court days** prior to the Pretrial Conference. Counsel shall deliver to Chambers a copy of their proposed jury instructions, in the same order as their joint submission, on a 3-1/2" disk in **WordPerfect 10** format. The disk label shall include the case number and a description of the documents.

b. **Separate Instructions**. Separate instructions may be submitted only as to those instructions upon which the parties cannot agree. Separate instructions shall note on their face the identity of the party submitting them. Prior to the required filing date, copies of these separate instructions shall be exchanged by the parties and the party or parties objecting to the instruction shall note the basis for the objection on the face of the instruction. An original and two copies of the separate instructions with objections shall be filed **ten court days** prior to the Pretrial Conference.

c. **Substance and Format of Instructions**. The instructions shall cover all substantive issues and other points not covered by the Ninth Circuit Manual of Model Jury Instructions. Each requested instruction shall be typed in full on a separate page and citations to the authorities upon which the instruction is based shall be included. Instructions shall be <u>brief, clear, written in plain English</u> and free of argument. Pattern or form instructions shall be revised to address the particular facts and issues of this case.

d. **Preliminary Statement and Instructions**. If the parties wish to have a preliminary statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly prepare and submit to the Court, **five court days** prior to the pretrial conference, the text of the statement and instructions, clearly marked.

e. **Voir Dire and Verdict Forms**. Each party shall serve and file proposed questions for jury voir dire and a proposed Form of Verdict not later than **two court days** prior to the Pretrial Conference.

4. **FINDINGS OF FACT and CONCLUSIONS OF LAW**

In **non-jury cases**, each party shall serve and lodge with the Court **ten court days** prior to the Pretrial Conference, proposed Findings of Fact and Conclusions of Law on all material issues. Proposed Findings shall be brief, written in plain English and free of pejorative language, conclusions and argument. Parties shall deliver to Chambers copies of proposed Findings of Fact and Conclusions of Law on a 3-1/2" disk in **WordPerfect 10** format. The disk label shall include the name of the parties, the case number and a description of the documents.

5. **EXHIBITS**

a. **Provide Copies of Exhibits to Other Parties**. Each party shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams and other similar documentary materials to be used in its case in chief at trial, together with a complete list of all such proposed exhibits. Voluminous exhibits shall be reduced by elimination of irrelevant portions or through the use of summaries. Each item shall be <u>pre-marked with a trial exhibit sticker (not deposition exhibit label)</u>, defendant's exhibit numbers shall be sequenced to begin after plaintiff's exhibit numbers. If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators. All exhibits which have not been provided as required are subject to exclusion.

b. **Stipulations re Admissibility**. **Ten court days** prior to the Pretrial Conference, the parties shall make a good faith effort to stipulate to exhibits' admissibility. If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection. Then the matter shall be presented at the pretrial conference.

**EXHIBITS-continuation**

c.  **Objections to Other Evidence**.  In addition to the exhibit list, counsel shall confer with respect to any other evidentiary objections in advance of the Pretrial Conference.  Each party shall file and serve a statement briefly identifying each item objected to, the grounds for the objection and the position of the offering party as stated at the conference.

d.  **Provide Copies of Exhibits to Court**.  Three sets of exhibits shall be provided to the Court on the **Friday prior to the trial date**.  Each set shall be in binders, marked, tabbed and indexed and shall be **delivered/mailed directly to Chambers**.  Parties are to comply with Local Rule 16-10(b)(7).

e.  **Disposition of Exhibits after Trial**.  Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process.  It is each party's responsibility to make arrangements with the Clerk of Court to file the record on appeal.

6.  MOTIONS IN-LIMINE

Any party wishing to have motions in limine heard prior to the commencement of trial must file and serve same no later than **ten court days** prior to the date set for the Pretrial Conference.  Any party opposing such a motion in limine shall file and serve its opposition papers no later than **five court days** prior to the Pretrial Conference.  No reply papers will be considered, and the motions will be heard at the Pretrial Conference or at such other time as the Court may direct.  Nothing in this provision prevents a party from noticing its motions in limine regularly for hearing on or prior to the final date for hearing dispositive motions.  **NO LEAVE TO FILE UNDERSEAL WILL BE GRANTED WITH RESPECT TO MOTIONS IN-LIMINE.**

7.  **OTHER PRETRIAL MATTERS**

a.  **Status/Discovery Conferences**.  Any party desiring to confer with the Court may, upon notice to all other parties, arrange a conference through the Courtroom Deputy, Ms. Tracy Sutton (**415-522-2028**).

b.  **Settlement Conferences**.  Any party wishing to arrange a settlement conference before another judge or Magistrate Judge may do so by contacting the courtroom deputy.

c.  **Daily Transcripts**.  If transcripts will be requested during or immediately after trial, arrangements must be made with the court reporter at least **five court days** before trial commences.

8.  **MISCELLANEOUS**

a.  The Court takes a photograph of each witness prior to being sworn.

b.  Please **DO NOT** call Chambers.  If you need to contact the courtroom deputy, please call the number above and leave a message if the deputy is not available.

c.  An **original and 1 copy** of any correspondence that will be faxed, filed or lodged with the court.